IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL MAWHINNEY,                    )
                                      )
            Plaintiff,                )
                                      )
    v.                                ) Civ. Action No. 12-003-GMS
                                      )
WARDEN PHILLIP MORGAN, et al.,        )
                                      )
            Defendants.               )

## MEMORANDUM

The plaintiff, Michael Mawhinney ("Mawhinney"), an inmate at the Howard R. Young

Correctional Institution ("HRYCI"), Wilmington, Delaware, filed this lawsuit pursuant to 42

U.S.C. § 1983 alleging unlawful conditions of confinement in violation of the United States

Constitution.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I. BACKGROUND

On October 26, 2011, Mawhinney was housed at the east side basement area of the

HRYCI. He arrived around 2:45 PM and by 4:30 PM he had become itchy, with a swollen face

and eyes, his throat was closing, and he was short of breath. Mawhinney complained to the nurse

and was sent to the infirmary. There, he informed the nurse that he has allergies. The nurse

contacted the defendant Dr. Wallace ("Dr. Wallace"), who ordered Mawhinney back to his bunk

in the basement. Within two hours, Mawhinney had the same allergic reaction and the officer on

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*See West v. Atkins*, 487 U.S. 42, 48 (1988).

duty sent Mawhinney to the infirmary. After some time in the infirmary, Mawhinney stabilized and Dr. Wallace and the defendant Warden Phil Morgan ("Morgan") returned Mawhinney to the basement unit. Within an hour, Mawhinney returned to the infirmary. At that point, Mawhinney was transferred to the 1-C pod where he has been housed for over a month without an allergic reaction of the type that occurred when he was housed in the basement unit. The complaint does not contain a prayer for relief.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Mawhinney proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-

28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Mawhinney leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Mawhinney has a "plausible

claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Mawhinney's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Mawhinney's claim centers around one day when, after an allergic reaction, he was twice returned to his assigned cell in a basement unit before transferred to a different location. It is unclear from the complaint if Mawhinney is a sentenced inmate or a pretrial detainee.

If Mawhinney is a pretrial detainee, he retains at least those constitutional rights enjoyed by convicted prisoners with regard to conditions of confinement. *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *Hubbard v. Taylor*, 399 F.3d 150, 165-66 (2005). "[W]hen pretrial detainees challenge their conditions of confinement, the Court considers whether there has been a violation of the Due Process Clause of the Fourteenth Amendment." *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008). The "proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. at 535. To determine whether challenged conditions of confinement amount to punishment, the court considers that "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

4

does not, without more, amount to punishment.'" *Bell v. Wolfish*, 441 U.S. at 539; *Stevenson v. Carroll*, 495 F.3d 62, 67 (3d Cir. 2007).

"Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense, however . . . . [T]he fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell v. Wolfish*, 441 U.S. at 537 (1979). When assessing whether the conditions are reasonably related to the assigned purposes, the court must inquire whether the conditions cause an inmates to endure such genuine privations and hardship over an extended period of time such that the adverse conditions become excessive in relation to the purposes assigned to them." *Hubbard*, 399 F.3d at 159.

Mawhinney's allegations fail to state a claim for "punishment" in violation of the Fourteenth Amendment. Each time Mawhinney exhibited allergic reactions, he was sent to the medical unit, monitored, and stabilized. Notably, he was not housed in basement location for an extended period but for only one day. Finally, it is evident from the allegations, that it was Mawhinney's medical condition, not unconstitutional conditions of confinement, that caused his reaction in the basement housing assignment. When it became apparent that Mawhinney could not remain housed in the basement, he was transferred to a different housing unit. Since that time, there have been no allergy issues. Mawhinney's claim does not rise to the level of the type of genuine privation that qualifies as punishment.

If Mawhinney is a sentenced inmate, the Eighth Amendment applies, and his claim fares no better. "The Eighth Amendment to the United States Constitution prohibits any punishment

5

which violates civilized standards and concepts of humanity and decency." *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992), *superseded on other grounds by* 42 U.S.C. § 1997e(a).  A prisoner does not lose this protection despite a prison sentence, for "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The objective element requires a prisoner to show that his living conditions amounted to a "serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  The subjective element requires that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

The allegations fail to allege deliberate indifference to Mawhinney's health or safety.  As discussed, each time the allergic condition manifested itself, Mawhinney was sent to the medical unit, monitored, and stabilized.  Notably, he was transferred to another housing unit when it became evident that he could not tolerate his basement housing assignment.

For the above reasons, the court will dismiss the conditions of confinement claim under both the Fourteenth Amendment and the Eighth Amendment as frivolous pursuant to 28 U.S.C. §

6

1915(e)(2)(B)(ii) and § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

## IV. CONCLUSION

For the above reasons, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1). Amendment of the complaint is futile.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_May 7_, 2012
Wilmington, Delaware

7